The act of 1715, ch. 27, has two objects in view, as appears from its title. The first is to cure (22) defective titles, after a possession of seven years; and for this purpose the second section enacts that all possessionsor titles, etc., derived from any sales made, etc., where the purchaser, etc., have continued or shall continue in possession seven years, without, etc., shall be declared good, etc. The words of the act being possessions or titles, in the disjunctive, if by title
is intended conveyance, perhaps a seven years' possession under a sale without a conveyance might be held a good title under this act, and extend so far as to bar not only an ejectment, but a writ of right also.
The case in question comes under the third section, which provides for the second object of the act, Limitation of Actions. It takes away the entry or claim within seven years after the right accrues; it says nothing of sales or title. It seems intended to extend further and embrace cases not within the provision of the second section, and is surely a copy of the statute of 21 Jac. I., ch. 16. The only difference which I have been able to discover is that the word "claim" is inserted in our act of Assembly, but is not to be found in the statute. This section, therefore, of the act of Assembly may very well be construed by the rules laid down in decisions on that statute, which was certainly in force in this country at the time of making the act, as our charter does not bear date until many years after 21 Jac. I.; and it has been uniformly held under this statute that a naked possession of twenty years will bar an ejectment. Bac. Abr. under the titleLimitation of Actions; Vin. Abr. Limitation; Jenk., 16, pl. 28; 3 Com. Dig., Ejectment A. And it is laid down in 2 Salk., 421, that a man may recover in ejectment on showing a possession of twenty years, and that he was afterwards ejected. It therefore appears to me that a possession of seven years without any actual sale or conveyance will bar an entry, and is a good title in ejectment under our act of Assembly.
NOTE. — The reasoning which determined a majority of the judges to the opinion "that seven years' possession without color of title will not bar an ejectment," will be found in the following observations of John Haywood, Esq., late one of the judges of the Superior Courts of Law and Courts of Equity in this State. The case of Armour v. White, tried before his Honor. Alfred Moore, Esq., at Edenton, in April, 1799, gave rise to these observations. In that case Thomas Stanton, being seized of a tract of land, conveyed 100 acres thereof to William Armour, from whom the same descended to the lessor of *Page 20 
the plaintiff, who in 1768 removed to South Carolina, and never made any claim after his removal until a little time before the commencement of this suit. The defendant also claimed under Stanton, who in 1714 assigned to Guthrie the land comprised in a certain (23) plat. Guthrie obtained a patent for the same in 1716. This patent was for 110 acres, the lines of which included part of the 100 acres in dispute; and under this patent the defendant claimed the whole 100 acres. He and those under whom he claimed had possessed a part of the 100 acres upwards of forty years. They had cleared and cultivated part of an adjoining tract and extended their clearing and cultivation over a small part of the 100 acres lying within the limits of Guthrie's patent; and the defendant proved by several old deeds for lands adjoining that part of the 100 acres which was not included in Guthrie's patent, that the lines of the 100-acre tract on that side were reputed the lines of those under whom he claimed.